ELECTRONICALLY FILED
3/6/2018 4:57 PM
57-CV-2018-900033.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY

TANYA EDWARDS and RICARDO
JOHN FITZGERALD EDWARDS;

             Plaintiffs,

vs.                                   Case No. 57-CV-2018-900033
                                      JURY DEMANDED

WALMART INC.; et al;

             Defendants.

Pursuant to Rules 15 and 9(h) of the Ala. R. Civ. P., Plaintiffs hereby amend their

Complaint, both the body and style thereof, to reflect the proper name of Defendant, **Wal-Mart**

**Stores East, LP,** in all places where Walmart Inc. is named as defendant. As Amended, Plaintiffs'

Complaint shall read as follows:

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TANYA EDWARDS and RICARDO
JOHN FITZGERALD EDWARDS;
             Plaintiffs,

vs.                                   Case No. 57-CV-2018-900033
                                      JURY DEMANDED

WAL-MART STORES EAST, LP and;
NO. 1, whether singular or plural, being that individual or entity who or
that was doing business as Wal-Mart Stores East, LP at the time of the
occurrence made the basis of Plaintiffs' Complaint;
NO. 2, whether singular or plural, being that individual or entity who or
which was doing business as Walmart and was located at 3700 Hwy
280/431 N, Phenix City, AL 36867 at the time of the occurrence made the
basis of Plaintiffs' Complaint;
NO. 3, whether singular or plural, being that entity who or which owned
or was in control of Walmart located at 3700 Hwy 280/431 N, Phenix
City, AL 36867 at the time of the occurrence made the basis of Plaintiffs'
complaint;
NO. 4, whether singular or plural, being that entity for whom any
defendant herein named was acting as agent within the line and scope of
its authority at the time of the occurrence made the basis of Plaintiffs'
Complaint;
NO. 5, whether singular or plural, being that entity or those entities
including persons who or which failed to identify or remedy known or

foreseeable hazards regarding the subject shopping cart mover/caddy/ pusher involved in the occurrence made the basis of Plaintiffs' complaint;

**NO. 6,** whether singular or plural, being that entity which hired and/or trained the employee(s) involved in the occurrence made the basis of Plaintiffs' Complaint;

**NO. 7,** whether singular or plural, being that entity who or which issued or had a duty to issue warnings and/or instructions regarding the subject shopping cart mover/caddy/pusher involved in the occurrence made the basis of Plaintiffs' complaint;

**NO. 8,** whether singular or plural, being that entity other than those entities described above, whose negligence, wantonness, breach of warranty or other wrongful conduct contributed to the cause the occurrence made the basis of Plaintiffs' Complaint;

**NO. 9,** whether singular or plural, being that entity or those entities including persons who or which failed to identify or remedy known or foreseeable hazards regarding the shopping cart mover/caddy/pusher involved in the occurrence made the basis of plaintiffs' complaint;

**NO. 10,** whether singular or plural, being that entity or those entities who or which followed negligent maintenance and management practices in keeping the shopping cart mover/caddy/pusher safe which was involved in the occurrence made the basis of plaintiffs' complaint;

**NO. 11,** whether singular or plural, being that entity who or which issued or had a duty to issue warnings and/or instructions regarding the shopping cart mover/caddy/pusher involved in the occurrence made the basis of plaintiffs' complaint;

**NO. 12,** whether singular or plural, being that entity who or which designed, manufactured, distributed, sold, installed and/or maintained the shopping cart mover/caddy/pusher involved in the occurrence made the basis of plaintiffs' complaint;

**NO. 13,** whether singular or plural, being that entity who or which designed, manufactured, distributed, sold, installed and/or maintained the component parts of the shopping cart mover/caddy/pusher involved in the occurrence made the basis of plaintiffs' complaint;

**NO. 14,** whether singular or plural, being that entity who or which was the safety director or risk manager at the time of and/or involved in the occurrence made the basis of Plaintiffs' complaint;

**NO. 15,** whether singular or plural, being that entity who or which was the individual responsible for safety in the workplace at the time and place of the occurrence made the basis of Plaintiffs' complaint;

**NO. 16,** whether singular or plural, being that entity who or which had the overall responsibility for ensuring that the shopping cart mover/caddy/ pusher made the basis of Plaintiffs' complaint was in a safe condition at the time of the occurrence made the basis of Plaintiffs' complaint;

**NO. 17,** whether singular or plural, being that entity who or which was the manager or in charge of shopping carts at the time of the occurrence made the basis of Plaintiffs' complaint;

**NO. 18,** whether singular or plural, being that entity who or which was the manager over the maintenance department at the time of and/or involved in the occurrence made the basis of Plaintiffs' complaint;

**NO. 19,** whether singular or plural, being that entity other than those entities described above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiffs' Complaint;

**NO. 20,** whether singular or plural, being that individual or individuals and/or entity other than those entities described above having any ownership interest in Wal-Mart Stores East, LP at the time of the occurrence made the basis of Plaintiffs' complaint;

**NO. 21,** whether singular or plural, being that individual or entity other than those individuals or entities described above, who or that is the successor in interest of those entities described above; Plaintiff avers that the identity of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained;

**Defendants.**

## FIRST AMENDED COMPLAINT

For First Amended Complaint in the above-styled cause, Plaintiffs aver as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff Tanya Edwards is an adult resident and citizen of Russell County, Alabama.

2.    Plaintiff Ricardo John Fitzgerald Edwards is an adult resident and citizen of Russell County and the lawful spouse of Tanya Edwards at all times relevant herein.

3.    Defendant Wal-Mart Stores East, LP is a Delaware corporation with its principal place of business in Arkansas and doing business in Russell County, Alabama at all times relevant herein.

4.    The incident made the subject of this Complaint took place in Phenix City, Russell County, Alabama, on March 26, 2016.

### COUNT I
### NEGLIGENCE/WANTONNESS

5.   Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same by this reference.

6.   On or about March 26, 2016, Tanya Edwards was a business invitee at Defendant Wal-Mart Stores East, LP located at 3700 Hwy 280/431 N, Phenix City, AL 36867.  While lawfully on Defendant's premises, Tanya Edwards was in a cart corral getting a cart.  The cart was stuck so she had her left foot on the bottom of the cart and was attempting to shake it loose when one of Defendant's employees was moving carts while utilizing a shopping cart mover/caddy/pusher and slammed about 20 carts into plaintiff's person, specifically, into her knee.  At said time, Defendants and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint negligently or wantonly failed to maintain the premises in a safe condition, such failure causing Plaintiff to suffer injury.  Defendants were negligent or wanton in one or more of the following respects:

   a.   Defendants failed to exercise reasonable care to provide and maintain reasonably safe premises for use by those persons lawfully on their premises;
   b.   Defendants breached their duty to be reasonably sure that they were not inviting another into a situation of danger or peril;
   c.   Defendants breached their duty to warn invitees of defects and danger associated with the premises;
   d.   Defendants failed to maintain the premises in such a manner so as not to constitute a hazard to those persons on the premises;
   e.   Defendants failed to inspect, remove or alter conditions on the premises which were likely to cause injury or damage;
   f.   Defendants failed to identify or remedy known or foreseeable hazards.

7.   As a proximate result of defendant's conduct, Plaintiff was caused to suffer the following injuries and damages:

   a.   She incurred, and continues to incur, physical pain and suffering as a result of the physical injuries sustained in the above described incident including, but not limited to knee pain and weakness, altered gait, carpal tunnel syndrome has been exacerbated, trouble sleeping, anxiety and depression;

b.  She incurred, and continues to incur, mental pain and anguish as a result of the physical injuries sustained in the above described incident;

c.  She incurred, and continues to incur, medical expenses in and about an effort to cure and/or heal the physical injuries sustained in the above described incident;

d.  She incurred, and continues to incur, loss of enjoyment of life as a result of the physical injuries sustained in the above described incident;

e.  She incurred permanent impairment and disabilities as a result of the physical injuries sustained in the above described incident;

f.  She incurred, and continues to incur, lost wages as a result of the physical injuries sustained in the above described incident.

8.  Plaintiff was injured as a result of the failure of a Walmart employee's negligent use of the shopping cart mover/caddy/pusher located on the premises of Wal-Mart Stores East, LP which shopping cart mover/caddy/pusher was negligently/wantonly utilized, designed, manufactured, installed, repaired, distributed, sold, and/or maintained by Wal-Mart Stores East, LP and/or one or more fictitious party defendants described in the caption of Plaintiffs' complaint.

9.  Wal-Mart Stores East, LP and/or one or more fictitious party defendants described in the caption of Plaintiffs' complaint failed to exercise reasonable prudence in the utilization, design, manufacture, distribution, marketing, sale, installation and/or maintenance of the shopping cart mover/caddy/pusher, resulting in injury to Plaintiff.

10.  Wal-Mart Stores East, LP and/or their agents owed Plaintiff the duty of reasonable care.

11.  Wal-Mart Stores East, LP and/or one or more said fictitious party defendants, were negligent or wanton and breached their duties in:

a.  the design, manufacture, distribution, marketing, sale, installation and/or maintenance of the shopping cart mover/caddy/pusher, and associated component parts, containing inadequate or insufficient materials for its reasonable foreseeable use;

b.  the design, manufacture, distribution, marketing, sale, installation and/or maintenance of the shopping cart mover/caddy/pusher and associated component parts that lack adequate safeguards, fail-safe mechanisms or safety devices to prevent serious injuries under foreseeable uses;

c.   the design, manufacture, distribution, marketing, sale, installation and/or maintenance of the shopping cart mover/caddy/pusher and associated component parts without providing adequate instructions and warnings for safe use and of the hazards associated with the design under reasonably foreseeable uses;

d.   Failing to recall the units in the field, provide retrofit modifications kits, launch a warning campaign, or take any other steps which a reasonably prudent manufacturer and seller of the shopping cart mover/caddy/pusher and associated component parts would have taken to alert purchasers, users, and others of the hazards and deficiencies or operation and use of the products which defendants knew or should have known existed subsequent to the sale but prior to the date of this occurrence;

e.   Failing to adequately and properly undertake and carry out tests and research concerning the shopping cart mover/caddy/pusher and associated component parts before and after its design, manufacture, distribution, marketing, sale, installation and/or maintenance;

f.   Failing to test the shopping cart mover/caddy/pusher  as to potential serious injuries to persons;
Failing to issue advice and adequate warnings to owners and users of the shopping cart mover/caddy/pusher concerning the hazards present in the shopping cart mover/caddy/pusher and associated component parts;

g.   Failing to incorporate an automatic safety system, rendering the shopping cart mover/caddy/pusher defective and dangerous;

12.   The foregoing acts and omissions were jointly and severally a proximate cause of Plaintiffs' injuries.

13.   The conduct of Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint was wanton, willful and outrageous beyond all standards of common decency in reckless disregard and in callous indifference to the public.  As a result of the negligence or wantonness of Wal-Mart Stores East, LP and/or one or more fictitious party defendants described above, Plaintiff suffered severe physical injuries.

WHEREFORE, Plaintiffs demand judgment against said defendants, and each of them, in an amount the jury deems fair and just under the circumstances, punitive damages and costs of court.

## COUNT II
## NEGLIGENCE/WANTONNESS PER SE
## WAL-MART STORES EAST, LP

14.   Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs

and incorporate same as if fully set out herein.

15.   Wal-Mart Stores East, LP and/or one or more of the fictitious party defendants described

above were negligent or wanton and breached their duties in:

    a.    Negligently or wantonly installed and set-up the shopping cart mover/ caddy/pusher made the basis of Plaintiffs' complaint;

    b.    Negligently or wantonly failed to follow the instructions which came with the subject shopping cart mover/caddy/pusher;

    c.    Negligently or wantonly failed to properly train its employees in proper use of the shopping cart mover/caddy/pusher;

    d.    Negligently or wantonly failed to utilize additional employees when utilizing the shopping cart mover/caddy/pusher to watch for persons who may be injured if struck by moving or pushed shopping carts;

    e.    Negligently or wantonly failed to warn users that the shopping cart mover/caddy/pusher could injure persons who were near the shopping carts being accessed;

    f.    Negligently or wantonly placed the subject shopping cart mover/caddy/ usher into use by inadequately trained employees;

    g.    Negligently or wantonly failed to exercise reasonable care.

16.   Defendant Wal-Mart Stores East, LP and/or one or more of the fictitious parties

defendants listed and/or described in Plaintiffs' complaint were further guilty of

negligence or wantonness per se in that the defendants violated one or more of the

following statutes of the State of Alabama contained in the *Alabama Code*, which was in

full force and effect at the date and time of the incident made the basis of Plaintiffs'

Complaint:

    a.    Failure to comply with the State of Alabama Implied Warranty:   Fitness for Particular purpose:
        ***Section 7-2-315* Implied warranty: Fitness for particular purpose.**

        Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is

> relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under Section 7-2-316 an implied warranty that the goods shall be fit for such purpose.

17. As a proximate consequence of the negligence or wantonness per se of Defendant Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint, Plaintiff was caused to suffer the injuries and damages as described above herein.

WHEREFORE, Plaintiffs demand judgment against defendants, and each of them, in an amount the jury deems fair and just under the circumstances, punitive damages, costs of court.

## COUNT III
### DESIGN DEFECT
### FICTITIOUS PARTY DEFENDANTS 12 AND 13

18. Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate said paragraphs as if fully set out herein.

19. The shopping cart mover/caddy/pusher was designed, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, retailed, supplied and/or sold by Fictitious Party Defendants 12 and 13 and/or one or more of the other fictitious parties' defendants listed and/or described in the caption of Plaintiffs' complaint, and said shopping cart mover/caddy/pusher was defective at the time of manufacture and marketing and was defectively designed and/or manufactured so as to be unreasonably dangerous to consumers, including Plaintiff.

20. The shopping cart mover/caddy/pusher was marketed by Fictitious Party Defendants 12 and 13 and/or one or more of the other fictitious parties' defendants listed and/or described in the caption of Plaintiffs' complaint for use by consumers, and plaintiff became a consumer and relied upon the safety of the defendants' product.

21.    At all times relevant herein, the shopping cart mover/caddy/pusher and the sales and

promotional materials, developed, tested, assembled, manufactured, packaged, labeled,

prepared, distributed, marketed, retailed, supplied and/or sold by named defendants

and/or one or more of the fictitious parties' defendants were defective including one or

more of the following particulars:

a.    The shopping cart mover/caddy/pusher contained unreasonably dangerous design
defects and was not reasonably safe as intended to be used, subjecting Plaintiff to
risks which exceeded the benefits of the device;

b.    The shopping cart mover/caddy/pusher was defective in design and formulation,
making use of the product more dangerous than the ordinary consumer would
expect;

c.    The shopping cart mover/caddy/pusher contained insufficient and/or incorrect
warnings to alert consumers and users, including Plaintiff, of adverse effects and
risks thereto;

d.    The shopping cart mover/caddy/pusher was not safe for its marketed use;

e.    The shopping cart mover/caddy/pusher was inadequately tested;

f.    The shopping cart mover/caddy/pusher was not accompanied by adequate
instructions and/or warnings to fully apprize the ultimate consumers, including
Plaintiff, of the full nature or extent of the risks and side effects associated with its
use.

22.    At the time of its manufacture and sale, the shopping cart mover/caddy/pusher was unsafe

and defective to consumers using said product for their advertised purpose and in a

reasonably foreseeable manner in that they posed an unreasonably high risk of serious

injury to consumers, which information was concealed by Defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in

an amount which the jury deems fair and just, punitive damages and attorneys fees, interest, and

costs of court.

## COUNT IV
### MANUFACTURING DEFECT
### FICTITIOUS PARTY DEFENDANTS 12 AND 13

23. Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same as if fully set out herein.

24. Defendants' shopping cart mover/caddy/pusher which reached plaintiff had an impurity, imperfection, and/or another product defect allowed to be created, contained or placed within the product in the manufacturing process; this impurity, imperfection, and/or other product defect was a deviation from design and quality manufacturing standards.

25. The shopping cart mover/caddy/pusher was in a defective condition and unreasonably dangerous to plaintiff when it left the Defendants' control.

26. The shopping cart mover/caddy/pusher was used in the manner intended.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just, punitive damages and attorneys fees, interest, and costs of court.

## COUNT V
## BREACH OF IMPLIED WARRANTY
## FICTITIOUS PARTY DEFENDANTS 12 AND 13

27. Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs

28. The shopping cart mover/caddy/pusher was defective at the time it left the control of Fictitious Party Defendants 12 and 13 and/or one or more of the fictitious parties defendants named and/or described in the caption of Plaintiffs' complaint, and was dangerous and unsafe for the reasonably foreseeable uses to which it would be put in that:

   a. It was the result of an inadequate design which inadequately protected persons against serious injuries during reasonably foreseeable uses;
   b. It lacked adequate instructions for safe use;
   c. It lacked adequate and necessary warnings alerting purchasers, users and others of the hazards associated with the design and manufacture or any reasonable precautionary measures to be taken to avoid injuries;

      d.     It lacked adequate and necessary safeguards, fail-safe mechanisms, or safety devices to prevent injury under reasonably foreseeable uses;

29. Plaintiff suffered serious bodily injury as a result of the fact that the shopping cart mover/caddy/pusher was not merchantable and was not reasonably suited to the use for which it was intended when sold by the defendants, and its condition when sold was a proximate cause of the injuries sustained by plaintiffs.

30. The aforementioned defects, and each of them, was a proximate cause of Plaintiffs' injuries, or an enhancement thereof, and rendered defendants liable to Plaintiff.

      WHEREFORE, Plaintiffs demand judgment against defendants, and each of them in an amount the jury deems fair and just under the circumstances, punitive damages, and costs of court.

## COUNT VI
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)
## WAL-MART STORES EAST, LP; FICTITIOUS PARTY DEFENDANTS 12 AND 13

31. Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same as if fully set out herein.

32. Wal-Mart Stores East, LP, Fictitious Party Defendants 12 and 13 and/or one or more of the fictitious party defendants listed in the caption of Plaintiffs' complaint were the designers, manufacturers, wholesalers, distributors, installers, sellers and/or maintainers of the shopping cart mover/caddy/pusher which seriously injured Plaintiff at the time of the incident made the basis of Plaintiffs' Complaint and said shopping cart mover/caddy/pusher reached the ultimate user without any substantial change in its condition from the time it was designed, manufactured, etc. by one or more of the fictitious party defendants.

33. The shopping cart mover/caddy/pusher was not reasonably safe when being used in a foreseeable manner, but to the contrary, it was defective and unreasonably dangerous when being so used.

34. Walmart and/or one or more of the fictitious party defendants named in the caption of Plaintiffs' Complaint, knew, or in the exercise of reasonable care, should have known, that said shopping cart mover/caddy/pusher was unreasonably dangerous to persons using said shopping cart mover/caddy/pusher in a foreseeable manner.

35. At the time of Plaintiffs' injury the shopping cart mover/caddy/pusher was being used as it was intended to be used, and as a proximate result of defective and/or unreasonably dangerous condition of said shopping cart mover/caddy/pusher, Plaintiff suffered injuries and damages as described in hereinabove.

36. The conduct of said defendants combined and concurred and was a proximate cause of the Plaintiffs' injuries and rendered said defendants liable to Plaintiffs pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, plaintiffs demand judgment against defendants, and each of them in an amount the jury deems fair and just under the circumstances, punitive damages, attorney's fees, and costs of court.

## COUNT VII
## BREACH OF EXPRESS WARRANTY
## WAL-MART STORES EAST, LP; FICTITIOUS PARTY DEFENDANTS 12 AND 13

37. Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same as if fully set out herein.

38. Defendant Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint expressed in their literature, advertisements, promotions, and through representations by their marketing team and sales agents that the shopping cart mover/caddy/pusher was safe, effective, and fit for the use for which it was designed, manufactured and marketed; by making said

representations, Defendants expressly warranted that the shopping cart mover/caddy/pusher was safe and effective, and fit for the uses for which it was designed, marketed, manufactured, and distributed.

39.   Plaintiff relied upon said defendants' express warranties.

40.   The shopping cart mover/caddy/pusher was not safe, effective, fit, nor proper for the use for which it was designed, manufactured and marketed.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just, punitive damages and attorneys fees, interest, and costs of court.

### COUNT VIII
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### FICTITIOUS PARTY DEFENDANTS

41.   Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same as if fully set out herein.

42.   On or about March 26, 2016, Plaintiff Tanya Edwards received and used a shopping cart mover/caddy/pusher manufactured by one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint. Defendants impliedly warranted that said product was merchantable pursuant to UCC § 2-314 and suitable for the ordinary purposes for which it was to be used.

43.   Defendant's shopping cart mover/caddy/pusher was not merchantable nor reasonably suitable for the ordinary purposes for which it was being used and therefore, Defendant breached UCC § 2-314.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just, punitive damages and attorneys fees, interest, and costs of court.

## COUNT IX
### BREACH OF IMPLIED WARRANTY OF FITNESS
### FICTITIOUS PARTY DEFENDANTS

44.   Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same as if fully set out herein.

45.   One or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint impliedly warranted, pursuant to UCC § 2-315, that the shopping cart mover/caddy/pusher was fit for the particular purpose for which it was being used. Defendants' shopping cart mover/caddy/pusher was not fit for the particular purpose for which it was used and, therefore, Defendants breached UCC § 2-315.

   WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just, punitive damages and attorneys fees, interest, and costs of court.

## COUNT X
### FRAUDULENT CONCEALMENT
### WALMART INC

46.   Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same as if fully set out herein.

47.   At all times during the course of dealings between Defendant Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint and Plaintiff, Defendants misrepresented the safety of the shopping cart mover/caddy/pusher. Defendants knew or were reckless in not knowing that its representations were false.

48.    In representations to Plaintiff, Defendants Wal-Mart Stores East, LP and/or one or more

of the fictitious parties defendants listed and/or described in Plaintiffs' complaint

fraudulently concealed and intentionally omitted the following material information:

a.    That the shopping cart mover/caddy/pusher was not as safe as other shopping cart
mover/caddy/pushers;

b.    That the risk of injury with the shopping cart mover/caddy/pusher was not
adequately tested and/or completely known by Defendants;

c.    That Defendants were aware of dangers of the shopping cart mover/caddy/pusher;

d.    That the shopping cart mover/caddy/pusher was manufactured negligently;

e.    That the shopping cart mover/caddy/pusher was manufactured defectively;

f.    That the shopping cart mover/caddy/pusher was manufactured improperly;

g.    That the shopping cart mover/caddy/pusher was designed negligently;

h.    That the shopping cart mover/caddy/pusher was designed defectively; and

i.    That the shopping cart mover/caddy/pusher was designed improperly.

49.    Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties

defendants listed and/or described in Plaintiffs' complaint were under a duty to disclose

to Plaintiff the defective nature of the shopping cart mover/caddy/pusher.

50.    Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties

defendants listed and/or described in Plaintiffs' complaint had sole access to material

facts concerning the defective nature of the product and its propensity to cause serious

and dangerous side effects, and hence, cause damage to persons who used or were

affected by the use of the shopping cart mover/caddy/pusher, including Plaintiff in

particular.

51.    Defendants' concealment and omissions of material facts concerning, *inter alia*, the

safety of the shopping cart mover/caddy/pusher were made purposefully, willfully,

wantonly, and/or recklessly to mislead plaintiff into reliance and cause her to use the

product.

52.   Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint knew that Plaintiff had no way to determine the truth behind Defendants' concealment and omissions, and that these included material omissions of facts surrounding the shopping cart mover/caddy/pusher.

53.   Plaintiff reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just, punitive damages and attorneys fees, interest, and costs of court.

## COUNT XI
### VICARIOUS LIABILITY
### WAL-MART STORES EAST, LP

54.   Plaintiffs reassert the averments contained in the foregoing paragraphs and incorporate such paragraphs in this Count of Plaintiffs' Complaint by reference as if fully set out herein.

55.   The employee who operated or in any way dealt with the shopping cart mover/caddy/pusher at issue and who was hired or employed by Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious party defendants was acting in an agency relationship at the time he was negligent.

56.   The employees, agents and/or servants of Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious party defendants listed and/or described in the caption of Plaintiffs' complaint, were acting within the line and scope of their authority and for the benefit of Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious party

Defendants, in the use and operation of the shopping cart mover/caddy/pusher which is made the basis of the Plaintiffs' complaint.

57. Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious party defendants listed and/or described in the caption of the Plaintiffs' complaint are vicariously liable to the Plaintiffs for the injuries and damages as described hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, in an amount which the jury deems fair and just to compensate plaintiffs, punitive damages and costs of court.

## COUNT XII
### NEGLIGENT PERFORMANCE OF A VOLUNTARY UNDERTAKING
### WAL-MART STORES EAST, LP

58. Plaintiffs reassert the averments contained in the foregoing paragraphs and incorporate such paragraphs in this Count by reference as if fully set out herein.

59. Prior to March 26, 2016, Defendants Wal-Mart Stores East, LP, and/or one or more of the fictitious party defendants listed and/or described in the caption of Plaintiffs' complaint, undertook to inspect the subject shopping cart mover/caddy/pusher in order to determine its safety and to improve and to promote its safety, but that on those occasions they negligently failed to perform said inspection properly.

60. Prior to March 26, 2016, Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious party defendants listed and/or described in the caption of Plaintiffs' complaint, negligently failed to correct an unsafe and dangerous condition as to the movement and possible contact with patrons in and around the subject shopping cart mover/caddy/pusher, which said condition would have been obvious to any one skilled as a safety engineer.

61.    Prior to March 26, 2016, Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious party defendants listed and/or described in the caption of Plaintiffs' complaint, either knew of the said unsafe and dangerous condition or should have known it by an exercise of reasonable diligence. The said obviously unsafe condition consisted of improperly movement of carts being moved by the shopping cart mover/caddy/pusher at issue. Plaintiff relied upon said undertakings for her safety.

62.    As a proximate consequence of the negligence of Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious party defendants listed and/or described in the caption of Plaintiffs' complaint in the performance which they voluntarily undertook,   Plaintiff was injured and damaged as hereinabove set forth.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs of court.

### COUNT XIII
### PUNITIVE DAMAGES
### WAL-MART STORES EAST, LP

63.    Plaintiffs adopt and reallege each and every allegation contained in previous paragraphs and incorporate same as if fully set out herein.

64.    At all times relevant hereto Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint knew or should have known that the shopping cart mover/caddy/pusher was inherently more dangerous than other shopping cart mover/caddy/pushers.

65.    At all times material hereto, Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint attempted

to misrepresent and did misrepresent facts concerning the safety of the shopping cart mover/caddy/pusher.

66. Defendants' misrepresentation included knowingly withholding material information from the end user and the public, including Plaintiff, concerning the safety of the shopping cart mover/caddy/pusher.

67. At all times material hereto, Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint knew and recklessly disregarded the fact that shopping cart mover/caddy/pushers cause debilitating and potentially lethal side effects with greater frequency than other similar devices.

68. At all times material hereto, Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint intentionally misstated and misrepresented data so as to minimize the appearance of risks caused by the shopping cart mover/caddy/pusher.

69. Notwithstanding the foregoing, one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint continued to aggressively market the shopping cart mover/caddy/pusher to consumers, without disclosing the true risk of side effects where there were safer shopping cart mover/caddy/pushers.

70. One or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint knew of the shopping cart mover/caddy/pusher's defective and unreasonably dangerous nature, but continued to manufacture, produce, assemble, market, distribute, and sell the product so as to maximize sales and profits at the expense of the health and safety of the Public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by the device.

71. Defendants Wal-Mart Stores East, LP and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint continue to intentionally conceal and/or recklessly and/or grossly negligently fail to disclose to the public, including Plaintiff, the potentially life threatening side effects of the shopping cart mover/caddy/pusher in order to ensure continued and increased sales.

72. Defendants' intentionally reckless and/or grossly negligent failure to disclose information deprived plaintiff of necessary information to enable her to weigh the true risks of using the shopping cart mover/caddy/pusher and the shopping cart mover/caddy/pusher against its benefits.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just, punitive damages, attorney's fees, interest, and costs of court.

## COUNT XIV
## LOSS OF CONSORTIUM

73. Plaintiffs adopt and reassert the averments contained in previous paragraphs, and incorporate the same by this reference.

74. As a proximate consequence of the above described negligent/wanton conduct, Plaintiff Ricardo John Fitzgerald Edwards was caused to suffer the following injuries and damages: He lost, and continues to lose, the services of his wife, Tanya Edwards, as a result of the physical injuries which she sustained in the above mentioned incident.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs of court.

ATTORNEYS FOR PLAINTIFFS

DOUGLAS J. FEES    *FEE001*
THE COCHRAN FIRM – HUNTSVILLE
401-403 Madison Street
P.O. Box 508
Huntsville, AL 35804
dfees@cochranfirm.com

**JURY DEMAND**

Plaintiffs demand a trial by struck jury.

DOUGLAS J. FEES

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants via Alafile and/or via E-mail, and/or in the U.S. Mail, first class postage paid and properly addressed on this the _____ day of _____, 2018:

W. Pemble Delashmet, Esq.
Chad C. Marchand, Esq.
Jon D. Roberts, Esq.
DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
wpd@delmar-law.com
ccm@delmar-law.com
jdr@delmar-law.com

Douglas J. Fees